# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JULIE LECLERE, <br><br> Plaintiff, <br><br> vs. <br><br> BIG LOTS STORES, INC., <br><br> Defendant. | No. 06-CV-1018-LRR <br><br> **ORDER** |

_____

      Before the court is Defendant Big Lots Stores, Inc.'s Motion to Dismiss or Alternatively, for a More Definite Statement, as to Count II ("Motion") (docket no. 11). Defendant requests oral argument, but the court finds oral argument is unnecessary.

      On August 16, 2006, Defendant filed the Motion. In the Motion, Defendant argues that Count II of Plaintiff Julie LeClere's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because it fails to state a claim upon which relief can be granted. Defendant complains that Count II, ostensibly a common law defamation claim, does not indicate (1) what statement was defamatory; (2) who made the statement; (3) to whom the statement was published or (4) whether the statement was oral or written. Alternatively, Defendant asks the court to require Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendant claims that Count II is so vague and ambiguous that it cannot evaluate its defense.

      On September 6, 2006, Plaintiff moved for leave to file an Amended Complaint. Count II of the Amended Complaint is more specific than Count II of the original Complaint.

On September 7, 2006, Defendant filed a Reply. The Reply lodged a number of objections to the yet-unfiled Amended Complaint. Some of these objections are the same as those lodged in the Motion, but others are different.

On October 3, 2006, the court granted Plaintiff's request to file an Amended Complaint, and, on the same date, the Amended Complaint was filed.

On October 17, 2006, Defendant filed a Report to the Court and Renewal of its Dispositive Motions. Defendant claims, without elaboration, that "Plaintiff's Amended Complaint did not cure the deficiencies with respect to Count II which formed the basis of Defendant's Motion to Dismiss . . . ." Defendant attempts to incorporate its prior pleadings by reference and asks for permission to renew its Motion without the need for further briefing.

After reviewing the record, the court finds the proposed incorporation to be unduly cumbersome with respect to Count II.[1] Frankly, it is unclear to the court what Defendant is and is not now arguing. The Motion itself is moot, because it is premised on a Complaint that is now superseded. Moreover, the court may not consider arguments first raised in a reply brief. *See* LR 7.1(g) (noting that the purpose of a reply brief is "to assert newly decided authority or to respond to new and unanticipated arguments made in the resistance"); *see, e.g., ProBatter Sports, LLC v. Joyner Techs., Inc.*, No. 05-CV-2045-LRR, 2006 WL 140655, at *4 (N.D. Iowa Jan. 17, 2006) (holding same); *cf. United States v. Martinson*, 419 F.3d 749, 753 (8th Cir. 2005) (noting that, in the appellate context, arguments made for the first time in a reply brief need not be considered).

Accordingly, the Motion (docket no. 11) is **DENIED AS MOOT WITH LEAVE**

---

[1] At this time, the court finds that there is no need to re-file the pending Motion for Summary Judgment on Count I (docket no. 12), because it does not appear that Count I of the Amended Complaint differs from Count I of the Complaint in any material respect.

**TO RE-FILE**. Defendant is granted leave to file a new motion to dismiss, on or before November 27, 2006. A failure to file a new motion to dismiss shall result in waiver of any defects in the Amended Complaint.

**IT IS SO ORDERED.**

**DATED** this 16th day of November, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA